**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gale Lawrence Webb, | No. CV16-3136 PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| City of Tempe, | |
| Defendant. | |

Pro se Plaintiff Gale Lawrence Webb has filed a second motion for default judgment. Doc. 11. Plaintiff has also filed a document titled "Motion to Amend Initial Complaint Absent Required Summons with the Required Raised Seal." Doc. 12. The second document appears to be yet another motion for default judgment. The Court will deny the motions for the reasons set forth in this order.

It appears from the Court docket that Plaintiff served the City of Tempe on September 21, 2016 with the document that purports to be his complaint in this case (Doc. 1). "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer[.]" Fed. R. Civ. P. 4(j)(2). The certificate of service filed by Plaintiff does not indicate a summons was served on the City of Tempe. Doc. 3. The City of Tempe's limited appearance response to Plaintiff's previous motion for default judgment (Doc. 10) confirms that the City was not served with a summons as required by Rule 4.

1. In addition, as the Court has already advised Plaintiff in this case (Doc. 9), obtaining default judgment under Rule 55 is a two-step process. First, the Clerk must enter the non-appearing party's default under Rule 55(a). Once the party's default has been entered, either the Clerk or the Court enters default judgment under Rule 55(b). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing two-step process under Rule 55). In this case, the Clerk has not entered Defendant's default under Rule 55(a).

Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules") and the Federal Rules of Civil Procedure. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). A handbook for unrepresented litigants is now available on the Court's website. Plaintiff is warned that the Court will dismiss this action if he fails to comply with relevant rules and the Court's orders. Plaintiff is familiar with this fact, as a review of the Court's CMECF system shows that he has filed at least 13 other lawsuits in this Court.

**IT IS ORDERED:**

1. Plaintiff's second motion for default judgment (Doc. 11) is **denied.**
2. Plaintiff's motion to amend initial complaint absent required summons with the required raised seal (Doc. 12) is **denied.**
3. Plaintiff shall have until **February 24, 2017** to properly serve Defendant City of Tempe with a summons and complaint in this case.

4. Directing the Clerk of the Court to **terminate** this matter if Plaintiff fails to properly serve Defendant in this matter on or before **February 24, 2017**.

Dated this 30th day of January, 2017.

_____
David G. Campbell
United States District Judge